1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL S. GWINN,

                       Plaintiff,

       v.

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                    Defendant.

Case No. 3:15-cv-05544-RJB

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

13

14

15

16

17

18

19

      Plaintiff Daniel S. Gwinn seeks review of the denial of his applications for disability

insurance and social security income ("SSI") benefits. Plaintiff contends that the administrative

law judge ("ALJ") erred in evaluating the medical evidence, plaintiff's credibility, the lay

witness evidence, plaintiff's residual functional capacity ("RFC"), and plaintiff's ability to

perform other jobs in the national economy. Dkt. 13 at 1. As discussed below, the Court

**REVERSES** the Commissioner's final decision and **REMANDS** the matter for further

administrative proceedings.

20

**BACKGROUND**

21

22

23

    On March 9, 2012, plaintiff protectively filed applications for disability insurance and

SSI benefits, alleging disability as of June 1, 2009. Dkt. 7, Administrative Record ("AR") 21.

Plaintiff's applications were denied initially and on reconsideration. *Id*. After the ALJ conducted

ORDER - 1

1  a hearing on October 17, 2013, the ALJ issued a decision finding plaintiff not disabled. AR 21-

2  35.

3  ## THE ALJ'S DECISION

4  Utilizing the five-step disability evaluation process,[1] the ALJ found:

5  **Step one:** Plaintiff has not engaged in substantial gainful activity since June 1, 2009, the
   alleged onset date.

6
7  **Step two:** Plaintiff has the following severe impairments: abnormal foot
   architecture/peripheral neuropathy and pervasive developmental disorder.

8  **Step three:** Plaintiff's impairments do not meet or equal the requirements of a listed
   impairment.[2]

9
10 **Residual Functional Capacity:** Plaintiff has the ability to perform a reduced level of
   light work, meaning that he can lift 20 pounds occasionally and ten pounds frequently.
   He can stand/walk for two hours in an eight-hour workday. He can sit for six hours in an
11 eight-hour workday. He cannot push or pull with the lower extremities. He can never
   climb ladders, ropes, and scaffolds. He can occasionally climb ramps and stairs. He can
12 frequently balance, stoop, kneel, crouch, and crawl. He must avoid concentrated exposure
   to vibrations and hazards. He can perform simple routine tasks. He can have public
13 contact by telephone. He can have few, if any, changes in the work routine or setting.

14 **Step four:** Plaintiff is unable to perform any past relevant work.

15 **Step five:** As there are jobs that exist in significant numbers in the national economy that
   plaintiff can perform, plaintiff is not disabled.

16 *See* AR 23-35. The Appeals Council denied plaintiff's request for review, making the ALJ's

17 decision the Commissioner's final decision. AR 1-7.[3]

18

19 ## DISCUSSION

20 Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

21 social security benefits if the ALJ's findings are based on legal error or not supported by

22 _____

[1] 20 C.F.R. § 416.920.
23 [2] 20 C.F.R. Part 404, Subpart P, Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER - 2

1   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

2   Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

3         **I.**      **Medical Evidence**

4         Plaintiff asserts that the ALJ erred in assessing the medical evidence in the record. *See*

5   Dkt. 13 at 2-9. The ALJ is responsible for determining credibility and resolving ambiguities and

6   conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

7   Where the medical evidence in the record is not conclusive, "questions of credibility and

8   resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639,

9   642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r,*

10  *Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

11        In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

12  "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this

13  "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

14  stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences

15  "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may

16  draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881

17  F.2d 747, 755 (9th Cir. 1989).

18        The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

19  opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

20  1996). When a treating or examining physician's opinion is contradicted, that opinion "can only

21  be rejected for specific and legitimate reasons that are supported by substantial evidence in the

22  record." *Id.* at 830-31.

23

ORDER - 3

1          **a. Dr. Neims**

2          Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason

3   supported by substantial evidence for discounting the opinion of examining psychologist Daniel

4   M. Neims, Psy.D. *See* Dkt. 13 at 2-4. The Court agrees.

5          On February 23, 2012, Dr. Neims performed a psychological evaluation of plaintiff. *See*

6   AR 367-87. In an assessment of plaintiff's functional limitations, Dr. Neims opined that plaintiff

7   was severely limited in his ability to maintain appropriate behavior in a work setting or

8   communicate and perform effectively in a work setting with public contact. *See* AR 369. Dr

9   Neims also found that plaintiff had several other marked limitations in social interaction. *See* AR

10  369, 383. The ALJ gave Dr. Neims' opinion limited weight because plaintiff had been able to

11  work in the past without those limitations, because plaintiff presented appropriately at the

12  examination, and because plaintiff is involved in social activities. *See* AR 32. However, none of

13  these reasons is specific, legitimate, and supported by substantial evidence.

14         First, the ALJ found that plaintiff had been able to work in the past without having any

15  difficulty maintaining appropriate behavior, interacting with co-workers, or being aware of

16  hazards. *See id*. The ALJ cites no evidence that plaintiff never had those limitations during his

17  work history. *See id*. Regardless, that plaintiff may not have shown social limitations during his

18  time working, which ended in June of 2009, is not a proper reason to discount Dr. Neims'

19  opinion of plaintiff's functional capabilities in 2012, during the time of alleged disability. Such

20  reasoning ignores that plaintiff is alleging that he became disabled in 2009, when he stopped

21  working. Therefore, that certain limitations may not have been evident when plaintiff was

22  working is not a legitimate reason to discount Dr. Neims' opinion that those limitations were

23  present in 2012.

ORDER - 4

1    Next, the ALJ stated that plaintiff "was fully oriented at the examination, could perform

2    serial threes and sevens, and had a good fund of knowledge." *Id*. An ALJ need not accept a

3    physician's opinion if it is contradicted by clinical findings. *See Batson v. Comm'r, Soc. Sec.*

4    *Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, these results from the mental status

5    examination reflect that plaintiff had only mild cognitive limitations, as Dr. Neims himself

6    reported. *See* AR 369. The results that the ALJ highlighted do not contradict Dr. Neims' opinion

7    regarding plaintiff's severe social limitations in any way. Those particular results are not a

8    legitimate reason to discount Dr. Neims' opinion.

9    Finally, the ALJ noted that plaintiff "is involved in social activities at least twice a month

10   and is able to work on his own computer." AR 32. An ALJ may reject a physician's conclusion

11   that a claimant suffers from severe limitations in part on the basis that other evidence of the

12   claimant's ability to function, including daily activities, contradicts that conclusion. *See Morgan*,

13   169 F.3d at 601-02. However, that plaintiff could be involved in social activities twice a month

14   and work on his computer does not contradict Dr. Neims' opinion that he is severely limited in

15   his ability to maintain appropriate workplace behavior around others for forty hours a week. A

16   claimant need not be "utterly incapacitated" to be eligible for disability benefits, and many

17   activities "may not be easily transferable to a work environment." *Smolen v. Chater*, 80 F.3d

18   1273, 1284 n.7 (9th Cir. 1996). Therefore, substantial evidence does not support the ALJ's

19   finding that plaintiff's limited activities contradicted Dr. Neims' opinion. The ALJ erred by

20   failing to provide a specific and legitimate reason supported by substantial evidence to discount

21   Dr. Neims' opinion.

22   The Ninth Circuit has "recognized that harmless error principles apply in the Social

23   Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v.*

ORDER - 5

1    *Comm'r*, *Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth

2    Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters

3    the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the

4    general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate

5    nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d

6    1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the

7    rule that courts must review cases "'without regard to errors' that do not affect the parties'

8    'substantial rights.'" *Id.* at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting

9    28 U.S.C. § 2111) (codification of the harmless error rule)).

10         Had the ALJ fully credited the opinion of Dr. Neims, the RFC could have included

11    additional limitations, as could the hypothetical questions posed to the vocational expert. As the

12    ALJ's ultimate determination regarding disability was based on the testimony of the vocational

13    expert on the basis of an improper hypothetical question, the error affected the ultimate disability

14    determination and is not harmless.

15    **b.  Dr. Gaffield and Other Medical Evidence**

16         Plaintiff argues that the ALJ erred in evaluating the opinion of Gary Gaffield, D.O., by

17    failing to "acknowledge that [plaintiff's] foot condition continued to worsen." *See* Dkt. 13 at 4.

18    However, the ALJ "need not discuss *all* evidence presented" to him. *Vincent on Behalf of*

19    *Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in

20    original). The ALJ must only explain why "significant probative evidence has been rejected." *Id*.

21    Plaintiff fails to identify what evidence of worsening makes the RFC assessed by the ALJ

22    deficient. *See Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (matters on appeal not

23    specifically and distinctly argued in opening brief ordinarily will not be considered). Therefore,

ORDER - 6

1   the Court finds no error.

2        Plaintiff also argues that the ALJ erred by failing to acknowledge clinical findings by Dr.

3   Gaffield and several other physicians and treatment providers that support plaintiff's testimony

4   about his limitations. *See* Dkt. 13 at 4-9. Because plaintiff does not argue that the ALJ erred in

5   the weight assigned to any of these sources, his argument actually addresses whether the ALJ

6   erred in evaluating plaintiff's credibility, which is discussed below. *See infra*, II.

7                  **c.   Dr. Robinson**

8        Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason

9   supported by substantial evidence for discounting the opinion of non-examining physician John

10  F. Robinson, Ph.D. *See* Dkt. 13 at 4-5. The ALJ gave significant weight to most of Dr.

11  Robinson's opinion but gave little weight to the statements that plaintiff was a little "odd" and

12  may require careful selection of a work venue because those statements could not be expressed

13  in an RFC. *See* AR 33, 101. The Court agrees that the RFC itself is what facilitates a vocational

14  expert to carefully select a proper work venue, and that plaintiff being "odd" is not a quantifiable

15  limitation to include in an RFC. Therefore, the ALJ did not err in discounting that portion of Dr.

16  Robinson's opinion.

17      **II.   Plaintiff's Credibility**

18       Plaintiff argues that the ALJ erred in assessing plaintiff's credibility. *See* Dkt. 13 at 9-14.

19  The Court disagrees.

20       Questions of credibility are solely within the control of the ALJ. *See Sample*, 694 F.2d at

21  642. The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749

22  F.2d 577, 580 (9th Cir. 1984). To reject a claimant's subjective complaints, the ALJ must

23  provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The

ORDER - 7

1  ALJ "must identify what testimony is not credible and what evidence undermines the claimant's

2  complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless

3  affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the

4  claimant's testimony must be "clear and convincing." *Lester*, 81 F.3d at 834. That some of the

5  reasons for discrediting a claimant's testimony should properly be discounted does not render the

6  ALJ's determination invalid, as long as that determination is supported by substantial evidence.

7  *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

8      Here, the ALJ discounted plaintiff's testimony for several reasons, including that plaintiff

9  did not pursue treatment in a manner consistent with the alleged intensity of his impairments. *See*

10  AR 30. A claimant's statements "may be less credible if the level or frequency of treatment is

11  inconsistent with the level of complaints, or the medical reports or records show that the

12  individual is not following the treatment as prescribed or there are no good reasons for their

13  failure." Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 at *7. The ALJ noted that

14  plaintiff failed to give the recommended orthotics a "good try" despite his alleged foot pain, did

15  not pursue the recommended physical therapy, and did not seek consistent treatment. *See* AR 30.

16  The record shows that these findings by the ALJ are supported by substantial evidence. *See* AR

17  62-63, 392, 476, 488. Therefore, the ALJ provided a clear and convincing reason for discounting

18  the credibility of plaintiff's allegations.

19      **III.    Lay Witness Testimony**

20      Plaintiff argues that the ALJ erred in evaluating the lay witness testimony in the record.

21  *See* Dkt. 13 at 14-17. The Court disagrees.

22      "In determining whether a claimant is disabled, an ALJ must consider lay witness

23  testimony concerning a claimant's ability to work." *Stout*, 454 F.3d at 1053; *see also* 20 C.F.R.

1 §§ 404.1513(d)(4), (e). Such testimony is competent evidence and "*cannot* be disregarded

2 without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (emphasis in

3 original). If an ALJ disregards the testimony of a lay witness, the ALJ must provide reasons "that

4 are germane to each witness." *Id*. Further, the reasons "germane to each witness" must be

5 specific. *Stout*, 454 F.3d at 1054 (explaining that "the ALJ, not the district court, is required to

6 provide *specific* reasons for rejecting lay testimony") (emphasis added).

7      Here, the ALJ discounted the opinion of Karen Gwinn, plaintiff's mother, because it was

8 not consistent with the medical evidence in the record. *See* AR 31. An ALJ may discount lay

9 testimony if it conflicts with the medical evidence. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir.

10 2001); *see also Bayliss*, 427 F.3d at 1218 (inconsistency with medical evidence constitutes

11 germane reason); *Vincent*, 739 F.2d at 1395 (proper for ALJ to discount lay testimony that

12 conflicts with available medical evidence). Substantial evidence supports the ALJ's reasoning.

13 For example, while Ms. Gwinn testified that plaintiff had difficulty concentrating for half an

14 hour due to pain, results of mental status examinations showed that plaintiff had normal

15 concentration and could complete serial sevens and moderate to complex arithmetic. *See* AR 78,

16 431-32, 503. Similarly, while Ms. Gwinn testified that plaintiff could not stand and walk for

17 more than five minutes, clinical observations by physicians showed that plaintiff had wide gait

18 and walked on the outsides of his feet but could walk two hours in a workday. *See* AR 81-82,

19 491-92. Therefore, the ALJ provided a specific and germane reason for discounting Ms. Gwinn's

20 testimony.

21     **IV.    Residual Functional Capacity and Step-Five Finding**

22      Because the ALJ erred in evaluating Dr. Neims' opinion, the ALJ's RFC assessment does

23 not necessarily completely and accurately describe all of plaintiff's capabilities. Accordingly,

ORDER - 9

1    here too the ALJ erred. Because the ALJ erred in assessing plaintiff's RFC, the hypothetical

2    questions posed to the vocational expert at the hearing did not completely and accurately

3    describe all of plaintiff's capabilities. Therefore, the ALJ's step-five determination is not

4    supported by substantial evidence and is in error.

5        The Court may remand this case "either for additional evidence and findings or to award

6    benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the

7    proper course, except in rare circumstances, is to remand to the agency for additional

8    investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations

9    omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is

10   unable to perform gainful employment in the national economy," that "remand for an immediate

11   award of benefits is appropriate." *Id.*

12       Benefits may be awarded where "the record has been fully developed" and "further

13   administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v.*

14   *Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

15           (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
             claimant's] evidence, (2) there are no outstanding issues that must be resolved
16           before a determination of disability can be made, and (3) it is clear from the
             record that the ALJ would be required to find the claimant disabled were such
17           evidence credited.

18   *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

19   Here, issues still remain regarding plaintiff's ability to perform other jobs existing in significant

20   numbers in the national economy despite any additional assessed limitations. Accordingly,

21   remand for further consideration is warranted in this matter.

22

23

ORDER - 10

1

**CONCLUSION**

2    For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this

3    case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

4    405(g).

5    DATED this 6th day of June, 2016.

6

7    _____
     ROBERT J. BRYAN
8    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 11